**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KWESI FAROUKH BAMFORD                    :

    Petitioner                    :

    v                    :                    Civil Action No. PJM-07-2148

CALVIN MCCORMICK,                    :
ALBERTO GONZALES, and
MICHAEL CHERTOFF                    :

    Respondents                    :
                         o0o

**MEMORANDUM**

Pursuant to this court's Order to Show Cause, Respondents have filed an Answer to the above-captioned Petition for Writ of Habeas Corpus.  Paper No. 5.  Petitioner has filed a Response to the Answer.  Paper No. 6.  On October 11, 2007, an emergency motion to stay Petitioner's removal was granted.  Paper No. 9. On October 18, 2007, the court ordered Respondents to respond to Petitioner's traverse, addressing the jurisdictional issues present in this case.  Paper No. 10.  Upon review of the papers filed, the court finds a hearing in this matter unnecessary.  For the reasons set forth below, the stay of removal shall be lifted on the date specified in the accompanying Order and the Petition shall be denied.

Pending Motions

Respondents have filed a Motion to Substitute Parties, moving to delete Michael Chertoff, Calvin McCormick, and Alberto Gonzales as Respondents and substituting Steven Williams as the proper Respondent in this action.  Paper No. 5 at p. 4.   Steven Williams, as warden of Dorchester County Detention Center where Petitioner is detained, is the proper Respondent and the Motion to Substitute will be granted.  *See Rumsfield v. Padilla*, 542 U.S.  426, 434 (2004) (proper respondent in habeas corpus proceedings is the person who has immediate custody of the person detained).

Background

Petitioner, a citizen of Ghana, came to the United States in 1997 as a visitor.  He left the United States  in June of 2005.  Paper No. 1.  When Petitioner returned on July 7, 2005, he was permitted re-entry under a grant of Advance Parole with authorization to remain until July 7, 2006. Paper No. 5 at Ex. A.  Petitioner remained in the United States beyond that date without a valid visa or entry document, resulting in his detention on January 16, 2007.  *Id*. at Ex. B.  Petitioner was taken into custody during an interview with Customs Immigration Services (CIS) regarding an I-130 application filed on his behalf by his spouse who is a United States Citizen.  *Id*.  During the interview, Petitioner's spouse withdrew her application.  *Id*.

Petitioner was charged as an arriving alien not in possession of a valid visa or entry document.  *Id*. at Ex. A.  On February 13, 2007, at a hearing before an Immigration Judge, Petitioner admitted the allegations in the charging document but requested an adjustment in his status.  *Id*.  At a hearing held on April 26, 2007, the Immigration Judge denied relief.  *Id*. at Ex. C.  Petitioner appealed the decision.  The appeal was dismissed on August 8, 2007. *Id*. at Ex.D.

Petitioner asserts that his detention should be ended so that he may pursue his application for adjustment status.  Paper No. 6.  He states his spouse has filed a new petition for alien relative (Form I-130) which forms the basis for Petitioner to file an adjustment of status application.  *Id*.  He claims he cannot comply with the regulations governing adjustment of status applications while detained.  In addition he states that the repeal of 8 C. F. R. § 245.1(c)(8) and 1245.1(c)(8), which barred paroled aliens from adjusting to permanent resident status if they were the subject of removal proceedings, entitles him to an opportunity to meaningfully pursue his application.

Respondents assert that Petitioner's claim is an attempt to obtain judicial review of the removal order.  Paper No. 11.  In addition, Respondents state that this court does not have jurisdiction to review the removal order and the petition should be dismissed.  They assert that Plaintiff has filed a claim seeking review of the removal order in the Fourth Circuit Court of Appeals.  *See Bamford v. Gonzalez,* Civ. No. 07-1873 (4th Cir. 2007*)*.  Respondents also assert that the Circuit Court is the proper forum to review the validity of the removal order and the appellate court should also be charged with the decision to either stay petitioner's removal or stay his removal.  Finally, Respondents maintain that this court should not order Petitioner's release from detention to permit him to pursue adjustment of his status.

Standard of Review

The Real I.D. Act ("RIDA") substantially modifies the avenue aliens must traverse to obtain judicial review of an order of removal.  Section 106(a) of the new law states: "a petition for review filed with an appropriate court of appeals .... *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act"(emphasis added).[1]  Section 106 divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued.  To the extent this petition raises a question of law directly related to the legality of Petitioner's order of removal, this court will not reach the issue as the "jurisdiction-stripping" provisions of RIDA apply.

---

[1] This provision is codified at Immigration and Naturalization Act, § 242(a)(5), 8 U.S.C. §1252(a)(5).

The remaining issue to address is the reasonableness of Petitioner's continued detention.  The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs whether an alien's detention pending removal is constitutional.  In *Zadvydas*, the Supreme Court held that post-removal-order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Court found that after an order of deportation became final, an alien may be held for a six month period.  After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700.   The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id*. at 697–99.   In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose.  *See Clark v. Martinez*, 543 U.S. 371, 384, 125 S. Ct. 716, 726 (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable).

Analysis

Petitioner has the burden of proving that removal is not likely to occur in the reasonably foreseeable future.  Upon a showing that removal is not likely to occur, Respondents must produce evidence to rebut that showing. *See Zadvydas*, 533 U.S. at 701 ("once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").  Travel arrangements to repatriate Petitioner were made and stayed pending the outcome of this case.  Accordingly, there is no evidence that Petitioner's removal is not likely to occur in the foreseeable future.

Petitioner adds a new wrinkle to the reasonableness of his detention by asserting he has a right to seek adjustment of his status but cannot do so while he is detained.  Paper No. 6.  He claims his spouse has filed a new petition for alien relative which forms the basis for him to file an adjustment of status application.  *Id*.  He further claims that he has not been permitted to pursue his application for adjustment because his detention prevents him from complying with the applicable regulations.  *Id*.  Respondents submit the sworn declaration of Charles M. Riccio, Supervisory Detention and Deportation Officer at the Baltimore Field Office of the United States Immigration and Customs Enforcement (ICE).  Paper No. 11 at Ex. C.  He provides that detainees such as Petitioner are not prohibited from obtaining passport photos or medical examinations and explains that ICE can provide photos and transportation to a medical appointment upon  request from the detainee.  *Id*.  Petitioner would simply be required to schedule and pay for the medical appointment

himself.  *Id.*  Thus, without reaching the merits of Petitioner's assertion that he is entitled to pursue adjustment of his status,[2] his claim that his detention somehow thwarts those efforts is without merit.

Conclusion

Having found no basis to grant habeas corpus relief in this case, this court will deny the Petition for Writ of Habeas Corpus.  In light of Petitioner's pending application in the Fourth Circuit Court of Appeals, the stay of removal issued in this case will be lifted thirty days from the date of the separate Order which follows.

_____/s/_____<br>
PETER J. MESSITTE<br>

November 7, 2007                    UNITED STATES DISTRICT JUDGE

---

[2] In light of Petitioner's pending case before the Fourth Circuit Court of Appeals, this court limits its review to the reasonableness of his detention and declines to examine his constitutional claims regarding adjustment of his immigration status.